IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ANGEL GARRETT ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:19-cv-04203-MDH |
| ) | |
| RUTTER AND SLEETH LAW ) | |
| OFFICES, BRIAN D. SLEETH AND ) | |
| JAMES RUTTER ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANTS' MOTION TO DISQUALIFY AND MOTION TO EXCLUDE EVIDENCE

Before the Court is Defendants' Motion to Disqualify Plaintiff's Counsel for Misconduct ("Motion to Disqualify") and Motion to Exclude Any and All Privileged Information Obtained and Retained by Plaintiff Unlawfully ("Motion to Exclude"). (Doc. 36). For the reasons set forth herein, the Motion to Disqualify is **DENIED**, and the Motion to Exclude is **DENIED** insofar as it moves to exclude the "Work Record" (*See*, Ex. 3 to Plaintiff's Response to Defendants' Motion for Summary Judgment) as evidence used in Plaintiff's Response to Defendant's Motion for Summary Judgment (Doc. 35) and Plaintiff's Motion for Partial Summary Judgment. (Doc. 52).

Defendants argue that Plaintiff's counsel should be disqualified for allegedly committing ethical violations—particularly breaches of attorney-client privilege—and allegedly engaging in behavior that may have assisted his client in committing alleged criminal violations in order to obtain and further use the Work Record or other privileged documents. Namely, Defendants contend that Plaintiff committing acts criminalized in RsMo. § 569.095. Plaintiff's counsel argues

that no attorney-client privileged information is contained in the Work Record and that Plaintiff did not violate any criminal laws.

## BACKGROUND

Plaintiff is suing Defendants for violations of the Fair Labor Standards Act ("FLSA") and Missouri Minimum Wage Law ("MMWL") for unpaid overtime for her work as a paralegal/secretary at Defendants' law firm. At the heart of Defendants' instant motion is the "Work Record" document produced by Plaintiff.

According to Plaintiff, the Work Record is a document created by Plaintiff contemporaneously while working as a paralegal for Defendants that details Plaintiff's daily tasks and work completed on given days. (Doc. 44, 1). The actual Work Record before the Court consists of 355 pages of a table with three columns labeled: (1) Date (2) Client and (3) Work Description. The Client column is redacted with no client names being disclosed. Defendants claim that on or about March 31, 2019—the evening that Plaintiff resigned from her employment with Defendants—Plaintiff was inside Defendants' office, without authorization in the late evening/early morning hours. (Doc. 36-5, 2). Defendants allege that Plaintiff downloaded or removed without permission attorney-client protected information, at least some of which is present in the Work Record. *Id*. Defendants claim that the Work Record was created by Plaintiff after her employment with Defendants terminated. Plaintiff claims that the document is simply administrative, that Defendants were aware of and had access to the document leading up to Plaintiff's resignation. (Doc. 38, 2). In addition, Plaintiff claims that she has not disclosed the Work Record to anyone other than her attorney, and that every copy was destroyed except the one copy possessed by Plaintiff's counsel. (Doc. 38, 4). An evidentiary hearing regarding the Work Record and the instant Motion was held on October 13, 2020.

## DISCUSSION

### Motion to Disqualify

Defendants move the Court to disqualify Plaintiff's counsel Cody Reinberg and accuse Mr. Reinberg of violating Missouri Rules of Professional Conduct by obtaining and seeking to admit the alleged attorney-client privileged information present in the Work Record. (Doc. 36-5, 4-5). Defendants also accuse Plaintiff of committing a Class E felony under RSMo. § 569.095 and accuse Mr. Reinberg of assisting his client in that criminal act. (Doc. 43, 2). Section 569.095, in brief, provides that it is a crime to take, remove, or steal data or information from another's computer system without authorization or permission, unless the person committing the act has reasonable grounds for believing they were authorized to take such data or information.

"A party's right to select its own counsel is an important public right and a vital freedom that should be preserved." *Macheca Trans. Co. v. Phila. Indem. Co*., 463 F.3d 827, 833 (8th Cir. 2006). "The extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." Id. Factors to be considered include a court's "duty to maintain public confidence in the legal profession and its duty to insure the integrity of the judicial proceedings." *Gifford v. Target Corp*., 723 F.Supp.2d 1110, 1116 (D. Minn. 2010). "The party moving to disqualify opposing counsel bears the burden of demonstrating that disqualification is required." *Olson v. Snap Prods., Inc*., 183 F.R.D. 539, 542 (D. Minn. 1998). "Because ... of the great prejudice often associated with an enforced change of counsel, courts applying these standards have granted disqualification only when the moving party has demonstrated substantial and irreparable harm growing out of the ethical violation." *Le v. Wells Fargo Bank, N.A*., 2014 WL 12600956 at * 1 (D. Minn. Feb. 27, 2014) (citing *Richards v. Holsum Bakery, Inc*., 2009 WL 3740725 at *6 (D. Ariz. Nov. 5, 2009)) (quotations omitted).

The Court finds that Defendants have not met their burden to show that disqualification of Mr. Reinberg is necessary or appropriate in this case. While Defendants accuse Mr. Reinberg of violating ethical rules surrounding attorney-client privilege and assisting his client in criminal activities, the Court finds no clear evidence that Mr. Reinberg engaged in ethical violations, let alone conduct that would cause substantial and irreparable harm to this case, nor conduct that would threaten "to work a continuing taint on the litigation and trial." *Gifford*, 723 F.Supp.2d at 1116. It is further unclear that any criminal law was violated by Plaintiff or Mr. Reinberg. Whether ethics rules or criminal laws were violated are mattesr for the Missouri Bar Association and local prosecutors, respectively. Defendants' motion to disqualify Mr. Reinberg is therefore **DENIED**.

## Motion to Exclude

Defendants also move the Court to exclude the Work Record because it allegedly contains attorney-client privileged information, and Defendants argue that Plaintiff should further not be allowed to use the Work Record as it was allegedly obtained unlawfully or unethically. As set forth above, the Court finds that Defendants' accusations of ethical and criminal violations are not sufficient to disqualify Mr. Reinberg or exclude the Work Record by virtue of how it was obtained. Thus, the issue is whether the Work Record should be excluded by virtue of it containing allegedly protected attorney-client information.

Generally, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the subject matter involved in the pending action...." Rule 56.01(b)(1). Under subdivision (b)(1), privileged matters are absolutely non-discoverable. *May Dep't Stores Co. v. Ryan,* 699 S.W.2d 134, 136, 137 (Mo.App. E.D.1985). The attorney-client privilege prohibits "`the discovery of confidential communications, oral or written, between an attorney and his client with reference to ... litigation pending or contemplated.'" *State ex rel. Terminal R.R. Ass'n of St. Louis*

*v. Flynn,* 363 Mo. 1065, 257 S.W.2d 69, 73 (Mo. banc 1953) (citation omitted). To be privileged, the purpose of a communication between an attorney and client must be to secure legal advice. *St. Louis Little Rock Hosp., Inc. v. Gaertner,* 682 S.W.2d 146, 150 (Mo.App. E.D.1984).

After carefully reviewing the Work Record and taking into consideration the arguments presented by both parties, the Court **DENIES** the Defendants' motion to exclude the Work Record as evidence in support of summary judgment. It is emphasized, however, that this Order does not conclude that the Work Record as a whole is admissible. This Order further does not conclude whether the Work Record was made contemporaneously or after Plaintiff's employment.

## CONCLUSION

For the reasons set forth herein, the Court **DENIES** Defendants' Motion to Disqualify Plaintiff's Counsel for Misconduct and Motion to Exclude Any and All Privileged Information Obtained and Retained by Plaintiff Unlawfully. (Doc. 36).

**IT IS SO ORDERED.**

Dated: October 20, 2020                  */s/ Douglas Harpool*
                                                   **DOUGLAS HARPOOL**
                                                   **United States District Judge**